IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-152-BO-BM

RACHEL JONES, KENNETH JONES, and )
IMRE BALAZSI,                      )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )           O R D E R
                                   )
COUNTY OF FRANKLIN, *et al.*,      )
                                   )
            Defendants.            )

This cause comes before the Court on defendants' motions to dismiss and to strike as well as plaintiffs' motion for leave to amend the complaint. The appropriate responses and replies have been filed and a hearing on the motions was held before the undersigned on October 2, 2025, at Raleigh, North Carolina. In this posture, the motions are ripe for disposition.

The Court has considered the arguments of the parties and, in light of the liberal standard for granting leave to amend, *see Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006), the Court will permit plaintiffs the opportunity to amend their complaint. However, it is well-established that sheriff's departments in North Carolina are not legal entities that can be sued in federal court. *See, e.g., Parker v. Bladen Cty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) ("[T]he Bladen County Sheriff's Department lacks legal capacity to be sued."); *Hargett v. Forsyth Cnty. Sheriff's Office*, 2005 WL 4542859, at *2 (M.D.N.C. 2005), *aff'd* 172 Fed. App'x 27 (4th Cir. 2006). Plaintiffs' motion for leave to amend the complaint [DE 28] is GRANTED but plaintiffs shall file a revised amended complaint that does not name the Franklin County Sheriff's Department as a defendant within fourteen (14) days of the date of entry of this order. Defendants' motion to strike the

amended complaint [DE 24] is DENIED. Defendants' motions to dismiss the original complaint [DE 7]; [DE 10] are DENIED AS MOOT. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

This action is further REFERRED to United States Magistrate Judge Robert B. Jones, Jr. to conduct a settlement conference following the filing of the amended complaint. All deadlines are hereby STAYED pending the conclusion of the settlement conference. Should the parties not reach a settlement, answers or other responses to the revised amended complaint shall be filed within twenty-one (21) days of the conclusion of the settlement conference.

SO ORDERED, this 12 day of November 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:25-cv-00152-BO-BM    Document 38    Filed 11/13/25    Page 2 of 2