IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-152-BO-BM

| | | |
|---|---|---|
| RACHEL JONES, KENNETH JONES, and IMRE BALAZSI,<br><br>Plaintiffs,<br><br>v.<br><br>FRANKLIN COUNTY SHERIFF'S DEPARTMENT, KEVIN WHITE, individually and acting as the elected Sheriff for Franklin County Sheriff's Department, AMY DILLON, individually and in her official capacity as a Deputy for the Franklin County Sheriff's Department, JANET LEONARD, individually and in her official capacity as a Corporal for the Franklin County Sheriff's Department, and WILLIAM HALL, JR., individually and in his official capacity as a Deputy for the Franklin County Sheriff's Department,<br><br>Defendants. | ) | ORDER |

This cause comes before the Court on defendants' motion to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure. [DE 44]. Plaintiffs have responded, defendants have replied, and in this posture the motion is ripe for disposition. For the reasons that follow, defendants' motion is granted and the complaint is dismissed.

## BACKGROUND

Plaintiffs filed this case alleging that their rights were violated when they were arrested by members of the Franklin County Sheriff's Department. The Court previously permitted plaintiffs

an opportunity to file a revised amended complaint and the parties an opportunity to participate in a court-hosted settlement conference. Defendants have now moved to dismiss the revised amended complaint.

Plaintiff Kenneth Jones ("Ken") is the grandfather and guardian of Caleb Jones ("Caleb"), who is a disabled adult diagnosed with autism living in Franklin County. Plaintiff Rachel Jones ("Rachel") is Ken's daughter and Caleb's aunt. Plaintiffs allege that, prior to the events at issue in this case, deputies with the Franklin County Sheriff's Department had been called to Ken's home at least forty times due to concerns regarding Caleb. The Franklin County Sheriff's Department has also been involved in the involuntary commitment of Caleb on at least four occasions. Caleb can become aggressive and requires psychotropic medication.

On February 25, 2024, Caleb was at Rachel's home in Franklin County. Rachel called emergency services after Caleb had engaged in "threatening and concerning actions[.]" [DE 39] ¶ 24. Defendant William Hall responded to the home and Rachel requested that Caleb be involuntarily committed. Rachel feared for her own life and the lives of her two children. Defendant Hall declined to help Rachel involuntarily commit Caleb. On February 26, 2024, Rachel took Caleb to Ken's home. Caleb was agitated, pounding his fists on the table and cursing, and Ken tried to de-escalate the situation. Caleb threatened Ken and his wife, Brenda; Brenda left and hid in her bedroom. Caleb threatened to hit Ken with a chair and a piece of wood, but Ken was able to remove the items from Caleb's grasp. When Caleb moved toward the bedroom where Brenda was hiding, Ken pulled Caleb down to the sofa, restraining one of Caleb's arms. Caleb appeared to calm down, but moved toward Brenda's bedroom again. Rachel and her friend, Imre Balazsi ("Imre"), arrived at the home and witnessed Ken struggling to restrain Caleb. Plaintiffs together managed to move Caleb to the porch, where he agreed to sit calmly; however, after just a

minute or two, Caleb stood up and ran toward the door of the house. Plaintiffs again attempted to restrain Caleb, in an effort to protect themselves and Caleb, while Caleb kicked and resisted. Plaintiffs tied a rope around Caleb's legs and Ken was able to call emergency services. Ken told the dispatcher that they needed immediate assistance and that Caleb was a danger to them.

Once the Franklin County Sheriff's Department arrived, Caleb ceased fighting, threatening, and yelling at plaintiffs. At defendant Hall's request, plaintiffs removed the rope from Caleb's legs. Caleb told defendant Hall and defendant Janet Leonard that he had been mistreated. The deputies photographed Caleb, but no notes or photographs were taken to document Ken's injuries. Despite being informed that the incident had begun inside the home, none of the deputies on scene entered Ken's home to investigate. Caleb left the property with the Franklin County Sheriff's Department and plaintiffs were arrested for misdemeanor assault on an individual with a disability and misdemeanor false imprisonment. A friend of plaintiffs who was present when body-worn camera footage was shown in court commented that defendants had demonstrated a clear bias against plaintiffs. On September 10, 2024, plaintiffs' charges were dismissed by the district attorney based on insufficient evidence.

In the amended complaint, plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for unlawful or false arrest and for an unconstitutional policy or custom of the Franklin County Sheriff's Department. Plaintiffs appear to allege a claim under § 1983 for an improper investigation. Plaintiffs also bring state law claims for malicious prosecution and false imprisonment/false arrest. Finally, plaintiffs allege violations of the North Carolina Constitution. Defendants have moved to dismiss plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

First, as the Court has previously held in its order allowing plaintiffs to file a revised amended complaint, [DE 38], the Franklin County Sheriff's Department is not an entity capable of being sued, and it is therefore dismissed. Second, in their response to the instant motion to dismiss, plaintiffs have failed to respond in opposition to defendants arguments for dismissal of the following claims: claims against Sheriff White in his individual capacity; claims against defendants Dillon, Hall, and Leonard in their official capacities; any direct claim brought pursuant to the North Carolina Constitution; and, insofar as such a claim has been alleged, a § 1983 claim for improper investigation. By failing to respond to defendants' arguments, plaintiffs have abandoned these claims. *See United Supreme Council v. United Supreme Council of Ancient*

*Accepted Scot. Rite for 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). Accordingly, the Court considers whether the defendants' motion should be granted as to plaintiffs' § 1983 wrongful arrest claim against the deputy defendants in their individual capacities, the § 1983 policy or custom claim against defendant White in his official capacity, and plaintiffs' state law claims for malicious prosecution and false imprisonment.

A false arrest or false imprisonment amounts to an unreasonable seizure in violation of the Fourth Amendment, and thus a plaintiff must be able to show that he or she was arrested or held without probable cause. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *see also Rogers v. Pendleton,* 249 F.3d 279, 294 (4th Cir. 2001); *Byers v. City of Richmond*, 746 F. Supp. 3d 275, 324 n.37 (E.D. Va. 2024). "'Probable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998) (citation omitted). Probable cause is evaluated using an objective standard, in consideration of the totality of the circumstances known to the officers at the time. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). It "requires more than bare suspicion, [but] less than that evidence necessary to convict." *Id.* (quoting *Gray*, 137 F.3d at 769).

Here, plaintiffs have alleged facts which would tend to show that their arrests were supported by probable cause. Plaintiffs have alleged that, when Franklin County Sheriff's deputies arrived at the scene, Caleb was in a chair on the front porch with his legs bound with rope and was not fighting, threatening anyone, or resisting. Caleb told the deputies that plaintiffs had mistreated him and deputies were able to see "scuff marks on [Caleb's] body." [DE 39] ¶¶ 62, 63. Under

North Carolina law, the crime of false imprisonment concerns "the unlawful detention of a human being against his will." N.C.P.I. - Crim 210.1. Plaintiffs have alleged that Caleb is a disabled person, and simple assault on an individual with a disability requires a showing that the defendant intentionally assaulted the victim and knew the victim had a disability. N.C.P.I. - Crim 208.40A.

Plaintiffs further allege that defendants Dillon, Leonard, and Hall did not look inside the home, obtain Ken's statement, or document any of the injuries plaintiffs sustained. But "[r]easonable law enforcement officers are not required to 'exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established.'" *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) (citation omitted).

Moreover, a neutral, detached magistrate subsequently found probable cause existed for plaintiffs' arrest. [DE 39] ¶ 70; *see also* [DE 45-1]; [DE 45-2]; [DE 45-3].[1] The existence of a valid arrest warrant generally defeats a plaintiff's § 1983 false arrest and false imprisonment claim. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a public official cannot be charged with false arrest when he arrests a [person] pursuant to a facially valid warrant."); *see also McPhearson v. Anderson*, 874 F. Supp. 2d 573, 580 (E.D. Va. 2012). True, "law enforcement officers are civilly liable in false arrest cases where . . . 'it is obvious that no reasonably competent officer would have concluded that a warrant should issue.'" *Souter v. Irby*, 593 F. Supp. 3d 270, 282 (E.D. Va. 2022) (citation omitted); *see also Thweatt v. Rhodes*, No. 21-1242, 2023 WL 4231724, at *4 (4th Cir. June 28, 2023). Plaintiffs have alleged that the defendant deputies omitted certain facts when seeking the arrest warrants, but they have not plausibly alleged that any of the defendant deputies

[1] The Court may consider the arrest warrants attached to defendants' motion to dismiss without converting the motion to one for summary judgment because the arrest warrants are expressly referenced and relied upon in the amended complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

lied to, misled, or otherwise pressured the magistrate into issuing the arrest warrant. *Thweatt*, 2023 WL 4231724, at *4. Nor have they alleged facts which would tend to show that no officer who is reasonably competent would have sought an arrest warrant based on the facts and circumstances.

Accordingly, plaintiffs have failed to plausibly allege that their arrests were not supported by probable cause. They have therefore failed to plausibly allege a claim for false arrest under § 1983. Alternatively, the deputy defendants in their individual capacity are shielded by qualified immunity for this claim, as plaintiffs have not plausibly alleged a constitutional violation. *See District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) ("officers are entitled to qualified immunity under §1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'"); *Cooper v. Doyle*, 163 F.4th 64, 83 (4th Cir. 2025). "[T]he fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Law enforcement officers are thus not entitled to qualified immunity where their probable cause determination was "objectively unreasonable." *Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016). Here, as discussed above, plaintiffs' own allegations support the reasonableness of the defendant deputies' probable cause determination, and the allegations fail to plausibly allege that it was objectively unreasonable to seek arrest warrants based on what the deputies witnessed at the scene. *See Messerschmidt*, 565 U.S. at 547 ("the threshold for establishing this exception is a high one, and it should be."). At a minimum, based on plaintiffs' allegations, reasonable officers could disagree as to whether a warrant should have issued, and thus the defendant deputies are entitled to qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The failure to plausibly allege a lack of probable cause to arrest further defeats plaintiffs' state law claims for malicious prosecution and false imprisonment. *See Turner v. Thomas*, 369 N.C. 419, 425 (2016) (lack of probable cause is an element of state law malicious prosecution claim); *Williams v. City of Jacksonville Police Dep't*, 165 N.C. App. 587, 596 (2004) ("Probable cause is an absolute bar to a claim for false arrest."). These claims are therefore dismissed.

The Court next considers plaintiffs' § 1983 claim against Sheriff White in his official capacity. A claim against Sheriff White in his official capacity is a claim against the office of sheriff. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Under 42 U.S.C. § 1983, a governmental entity may be liable for its policies and customs which result in the deprivation of civil rights. *See Monell v. New York City Department of Social Services,* 436 U.S. 658, 690 (1978). First, where plaintiffs allege that Sheriff White in his official capacity is responsible for the actions of defendants Dillon, Hall, and Leonard, liability under *Monell* cannot be predicated on the theory of *respondeat superior*. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Second, plaintiffs have failed to allege any policy or custom for which the Sheriff's Office could be held liable. *See id.*; *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (outlining theories of municipal liability). Plaintiffs allege that the deputy defendants' conduct was willful and "constituted the policy or custom of the Franklin County Sheriff's Office" because supervisors and/or policymakers tolerated, condoned, and ratified such conduct. [DE 39] ¶ 91. Plaintiffs further allege that Franklin County willfully failed to ensure that the charges brought against plaintiffs were lawful. *Id.* This is insufficient to plausibly allege liability on the part of the Sheriff's Office under § 1983 for a policy or custom which resulted in the alleged deprivation of any constitutional rights. Plaintiffs have not alleged the existence of any express policy, specific decisions of a person with policymaking authority, any "failure to properly train officers," or any "persistent or widespread"

practice. *Lytle*, 326 F.3d at 471. While ratification can support liability under *Monell*, *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 534 (4th Cir. 2022), plaintiffs have made only conclusory, threadbare allegations that Sheriff White ratified, approved, or condoned the conduct of the deputies. *See White v. City of Greensboro*, 408 F. Supp. 3d 677, 692 (M.D.N.C. 2019), *vacated in part,* 586 F. Supp. 3d 466 (M.D.N.C. 2022). Finally, as plaintiffs have not plausibly alleged that their constitutional rights were violated by any member of the Franklin County Sheriff's Department, their claim for liability under *Monell* fails. *Anderson v. Caldwell Cnty. Sheriff's Off.*, 524 F. App'x 854, 862 (4th Cir. 2013) ("No actionable claim against supervisors or local governments can exist without a constitutional violation committed by an employee."). Plaintiff's § 1983 claim against Sheriff White in his official capacity is therefore dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 44] is GRANTED. Plaintiffs' amended complaint [DE 39] is DISMISSED with prejudice.

The clerk is DIRECTED to enter judgment in favor of defendants and close the case.

SO ORDERED, this 24 day of November 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE